# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-8475-FMO (JEM) | Date | November 30, 2016 |
|---|---|---|---|
| Title | TIMOTHY TYRONE LENARD v. KELLY SANTORO | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES

On November 15, 2016, Petitioner, a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. The Petition challenges his July 14, 2016 conviction and August 31, 2016 sentence in Los Angeles County Superior Court case number MA067996.

Having reviewed the Petition, it appears to be subject to dismissal because Petitioner has not exhausted his state remedies as to any of the grounds for relief raised therein. However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to address this issue.

### The Exhaustion Requirement

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8475-FMO (JEM) | Date | November 30, 2016 |
|---|---|---|---|
| Title | TIMOTHY TYRONE LENARD v. KELLY SANTORO | | |

described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972); *Werts v. Vaughn*, 228 F.3d 178, 192 (3rd Cir. 2000).

The Petition indicates that none of the grounds it raises were presented to any California state court on direct appeal, or to the California Supreme Court in a habeas petition. (Pet. at 2-3, 5-7.) Since it appears that none of the grounds raised in the Petition have been ruled on by the California Supreme Court, none of the grounds raised have been exhausted. Thus, the Petition is subject to dismissal.

**Petitioner's Options**

If Petitioner contends he has in fact exhausted his state court remedies on the grounds raised in the Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **December 12, 2016**.

Alternatively, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The However, Petitioner is advised that if he should later attempt to raise any of the dismissed claims in a subsequent habeas petition, those claims may be time-barred under the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Such dismissal request must also be filed on or before **December 19, 2016.**

**Petitioner is warned that failure to file a timely response as directed in this Order will result in a recommendation that this action be dismissed for failure to exhaust state remedies, failure to prosecute, and/or failure to comply with a Court order.**

cc: Petitioner

| | : | |
|---|---|---|
| | Initials of Preparer | sa |